# United States Court of Appeals for the Fifth Circuit

---

No. 23-10859
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TAYRON DESHAWN THOMAS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CR-65-1

---

Before JONES, SOUTHWICK, and HO, *Circuit Judges*.

PER CURIAM:[*]

Tayron Deshawn Thomas appeals his conviction of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Thomas contends for the first time on appeal that § 922(g)(1) violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022), and exceeds Congress's authority under the Commerce Clause.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10859

Thomas concedes that this court's review is for plain error. To demonstrate plain error, Thomas must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief. As the Government contends, Thomas's argument that the district court plainly erred because § 922(g)(1) is unconstitutional is foreclosed by *United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023). In *Jones*, we held that any error was not clear or obvious because there was no binding precedent holding that § 922(g)(1) was unconstitutional and it was unclear that *Bruen* dictated such a result. *Id.* Moreover, Thomas correctly concedes that his Commerce Clause challenge to § 922(g)(1) is foreclosed by *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

Where "there can be no substantial question as to the outcome of the case," summary disposition is appropriate. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.